**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CATHY ENWERE,** )
|       **Plaintiff,** )
| **vs.** )    **No. 3:18-CV-1108-M-BH**
| )
| **RENEE HARRIS TOLIVER,** )
|       **Defendant.** )    **Referred to U.S. Magistrate Judge[1]**

<u>**FINDINGS, CONCLUSIONS AND RECOMMENDATION**</u>

Based on the relevant filings and applicable law, the case should be **DISMISSED with prejudice**.

## I.  BACKGROUND

On April 30, 2018, Cathy Enwere (Plaintiff), filed a complaint against a United States Magistrate Judge (Judge), alleging that she "has taken responsibility for [the] illegal dismissal of Plaintiff's complaint." (*See* doc. 3 at 1.)[2] Plaintiff previously filed a lawsuit against a Wal-mart store alleging that she was the victim of a hate crime, and based on Judge's recommendation, it was ultimately dismissed for lack of subject-matter jurisdiction. (*See* doc. 3 at 1); *see also Enwere v. Walmart Store*, No. 3:16-CV-3455-M-BH, 2017 WL 3209453, at *1 (N.D. Tex. Mar. 1, 2017), *report and recommendation adopted*, 2017 WL 3209454 (N.D. Tex. Mar. 22, 2017).  Plaintiff now claims that she never consented to the referral of her case to Judge, and that this court had jurisdiction over her case because federal courts have jurisdiction over "racis[t] hate crimes[.]" (*See* doc. 3 at 1-2.)  She alleges that Judge intentionally let Wal-mart off the hook despite knowing that this court had jurisdiction over her case, and that she believes Judge has involved herself in a case "coming out of California & has become part of a conspiracy to help another judge keep [P]laintiff

---

[1] By Special Order No. 3-251, this *pro se* case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page.

out of court[.]" (*Id.* at 2-4.) She seeks to have Judge recuse herself from her case, alleging that she displayed a "misuse of power & misconduct" and discriminated against her. (*See* doc. at 3.) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, her complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III.  *BIVENS*

Plaintiff argues that Judge illegally dismissed her case, conspired with another judge to keep her out of court, and discriminated against her. (*See* doc. 3 at 3.)  Although she does not identify a specific basis for her claims, her claims may be liberally construed as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because she complains of action by a federal actor. *See Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M, 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) ("Because *pro se* complaints are liberally construed,

the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a *pro se* plaintiff." (internal citation omitted)).

In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens* extends the protections afforded under § 1983 to parties injured by federal actors. *See Boyd v. Driver*, 579 F.3d 513, 515 n. 5 (5th Cir. 2009) (per curiam) (a *Bivens* action is otherwise coextensive with, and indistinguishable from a § 1983 claim); *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) (per curiam). The Fifth Circuit has recognized that a plaintiff may request "injunctive relief from violation of his federal constitutional rights." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *Bell v. Hood*, 327 U.S. 678, 684 (1946)); *see also Ramsey v. United States*, No. 3:96-CV-3358-G, 1997 WL 786252, at *2 n.2 (N.D. Tex. Dec. 11, 1997) (a plaintiff may seek injunctive or declaratory relief in addition to monetary relief in a *Bivens* action). Unless the defendants have deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, however, a plaintiff has no viable claim under *Bivens*. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] Bivens action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").

## A.  <u>Official Capacity</u>

To the extent that Plaintiff sues Judge in her official capacity,[3] a *Bivens* action only provides

---

[3] Courts look to the course of proceedings to determine the capacity in which a defendant is sued. *See Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 402-03 (5th Cir. 2000) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities; the plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities) (citing *Graham*, 473 U.S. at 167 n. 14); *Harmon v. Dallas Cty.*, 294 F. Supp. 3d 548, 569 n.6 (N.D. Tex. 2018) (noting that courts generally look to the course of the proceedings to determine the nature of liability sought to be imposed when a plaintiff does not specify the capacity in which an official

a remedy for victims of constitutional violations by government officers in their individual capacities; it does not provide for a cause of action against the United States. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Nor may a *Bivens* action be brought against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995). Claims against federal employees in their official capacities based on alleged constitutional violations are also barred under *Bivens* because they are equivalent to claims against the federal agencies who employ those employees. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). This is because the purpose of a *Bivens* cause of action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Any *Bivens* claims against Judge in her official capacity are subject to dismissal for failure to state a claim.

## B.    <u>Judicial Immunity</u>

To the extent that Plaintiff seeks to assert a claim against Judge in her individual capacity, she is also immune from suit. The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id*. at 11. A plaintiff can overcome the bar of judicial immunity only under two very limited circumstances. *See Mireles*, 502 U.S. at 11–12; *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

---

is sued) (quoting *Adrian*); *but see Douglas v. Gusman*, 567 F. Supp. 2d 877, 888-89 (E.D. La. 2008) (when a *pro se* plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted).

First, a judge is not immune from suit for actions that are not "judicial" in nature. *See Mireles*, 502 U.S. at 11. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) (quoting *Mireles*, 502 U.S. at 12). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court should] look to the particular act's relation to a general function normally performed by a judge...." *Id*.

> [The Fifth Circuit] has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. These factors are broadly construed in favor of immunity.

*Davis*, 565 F.3d at 222–23 (citations omitted). "The absence of one or more factors will not prevent a determination that judicial immunity applies." *Carter v. Carter*, No. 3:13-CV-2939-D (BF), 2014 WL 803638, at *1 (N.D. Tex. Feb. 20, 2014) (citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) ). Second, a judge is not immune from suit for actions that although judicial in nature, are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 12; *see also Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Here, Plaintiff's allegations all center around Judge's recommendation that her prior lawsuit be dismissed. Her conclusory allegation of a conspiracy to keep her out of court is insufficient to state a claim. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The fact that it is alleged that the judge acted pursuant to a conspiracy ... is not sufficient to avoid absolute judicial immunity.") Because the conduct by Judge was judicial in nature and was undertaken under the

jurisdiction provided to the United States District Court, Judge is entitled to absolute immunity from any claims against her in her individual capacity, and they should be dismissed.

## IV. RECOMMENDATION

The complaint should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**SO RECOMMENDED**, this 23rd day of April, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE